H–F–C RURAL TEL. CO–OP. CORP. et al.

v.

PUBLIC SERVICE COMMISSION et al.

Court of Appeals of Kentucky.

March 19, 1954.

As Modified on Denial of Rehearing
June 25, 1954.

Farland Robbins, Mayfield, for appellants.

J. Gardner Ashcraft, Frankfort, Thomas J. Wood, Louisville, for appellees.

CULLEN, Commissioner.

The H-F-C Rural Telephone Cooperative Corporation, organized under KRS 279.310 to 279.600, applied to the Public Service

Commission for authority to acquire the assets and facilities of six locally owned telephone companies which had been rendering service in Hickman and Fulton Counties, and to improve and extend the existing systems so as to provide an integrated telephone service system in the area. One of the companies sought to be acquired was serving a portion of the city of Clinton, and the other five were or had been serving the rural area outside of the city. The application also sought approval of an REA loan which previously had been approved by the Rural Electrification Administration, and authority to apply to the city of Clinton for a franchise.

The Southern Bell Telephone and Telegraph Company, which also was operating a system in the city of Clinton, and in a portion of the rural area desired to be served by the co-op, protested the application, and submitted an offer to extend service into the area. The Public Service Commission denied the co-op's application, and, under purported authority of KRS 279.360, the commission ordered Southern Bell to provide service for the area within a period of two years.

On appeal to the Franklin Circuit Court, by the co-op, the order of the commission was affirmed, and the co-op has now appealed to this Court.

The area which the co-op sought authority to serve consists of a substantial portion of Hickman and Fulton Counties surrounding the city of Clinton, which city is roughly in the center of the area. The five rural companies whose assets and facilities the co-op desired to purchase had been serving local areas on the north, east and south of Clinton. While the service areas of these companies did not join each other, and there were small unserved areas between the territories of the five companies themselves and between their territories and the city of Clinton, generally speaking the five companies together served the eastern half of the large area around Clinton. Southern Bell had some facilities serving the area west of Clinton, and also had made a substantial development in the far south-

eastern corner of the Hickman-Fulton area. In addition, Southern Bell had a few suburban lines extending a short distance out from the city of Clinton, in several directions.

Under the governing statute, KRS 279.310 (1) and 279.360(2), the city of Clinton does not constitute a "rural area," because it has a population of more than 1,500. Any right of the co-op to operate in Clinton exists only if such operation is "necessary in order to furnish or improve telephone service in rural areas". KRS 279.360(2). Therefore, it is necessary for us to consider first the question of the co-op's right to serve the rural area outside the city before we reach the question of service in the city.

The determination of the question of the right of the co-op to serve the rural area depends upon the proper interpretation of a portion of subsection (1) of KRS 279.-360. That subsection, after stating generally the powers of rural telephone cooperative corporations, provides as follows:

"* * * provided, further, that no cooperative shall (a) construct or operate any line, facility or system in any rural area being furnished telephone service by any telephone company or other cooperative unless the Public Service Commission shall determine, after hearing on reasonable notice to all interested parties, that any such telephone company or other cooperative is unwilling or unable to furnish reasonably adequate telephone service in such area, or (b) furnish any telephone service in any area proposed to be served by any telephone company, which may be found to be ready, willing and able to serve, within such period of time as may, after hearing, be determined to be reasonable by the Public Service Commission; * * *."

The Public Service Commission apparently construed clause (b) of this statute as an overriding, all-inclusive provision, guaranteeing to an existing telephone company the prior right to serve any and all areas, regardless of existing facilities. This attitude of the commission is evidenced by

the following statement in its written opinion and order:

"\* \* \* It (the statute) provides that no cooperative shall serve where another utility proposes to serve and is ready, willing and able to extend its service to the same area within a reasonable time. It makes no exception in the case where the cooperative acquires existing facilities."

The attitude of the Commission is further evidenced by its first finding, which was:

"(1) The Rural Telephone Act, KRS 279.310–279.600 does not contemplate service by a Cooperative where an existing company proposes to render the desired service to the same area and stands ready, willing and able to proceed with this program."

■ We think that the commission has misconstrued the statute. As we read the statute, clause (a) applies to areas that presently are "being furnished telephone service", and clause (b) applies only to areas that do not have service.

It is our opinion that in applying the statute the word "area" must be given a reasonably broad interpretation. Certainly the legislature could not have intended that every farm be treated as a separate area, or that comparatively small gaps between territories of existing companies be considered to be unserved "areas".

■ We think it is reasonable to say that the entire rural area on the north, east and south of Clinton was an "area being furnished telephone service" within the meaning of KRS 279.360(1) (a), notwithstanding the small gaps between the territories of the existing companies. It is true that two of the locally owned companies had ceased to render service at the time of the hearing before the Public Service Commission, but they had rendered service up until a short time before the hearing and we think it proper under the circumstances to treat their territories as part of the area that was being furnished service.

■ Since the area above described was an area being served, and since the five locally owned companies that had been serving the area were unwilling or unable to continue furnishing service, the Public Service Commission erred in holding that the co-op was barred by the statute from entering that area. As concerns the area west of Clinton, which was being served by Southern Bell, we think the statute does exclude the co-op from that area. Also, the co-op is barred from the territory in the far southeastern corner of the Hickman-Fulton area, where Southern Bell is rendering service. With respect to the suburban territory immediately east of the city of Clinton, where Southern Bell is serving a few patrons, we think it is a question of fact for the Public Service Commission as to whether this service involves a sufficient number of patrons to justify identification of a separate service area there.

Because the Public Service Commission employed an erroneous construction of the statute in denying the co-op's application in toto, the case should be remanded to the commission for a reconsideration, and for a determination of the boundaries of the rural area the co-op may serve under a proper construction of the statute. Since the area which we believe the statute permits the co-op to serve is substantially smaller than the area for which application was filed, it may be that the Public Service Commission will be required to reconsider the question of whether the area involves a consumer market sufficiently large to support an independent telephone system, and whether the co-op is financially able to serve such area. Also, a reconsideration of the general question of public convenience and necessity may be required. See KRS 279.540 and 278.020.

As concerns the question of the purchase by the co-op of the locally owned telephone system in the city of Clinton, and the integration of that system with the proposed rural system of the co-op, certain factors are involved that were not considered by the Public Service Commission, by reason of the commission's denial of the co-op's application in toto. Under KRS

279.360(2), the commission should pass on the question of whether operation in the city of Clinton is necessary in order for the co-op to furnish or improve service in the rural area. If it should answer this question in the affirmative, there will be a further question, under KRS 279.540 and 278.020, as to whether public convenience and necessity would be served by the continuation of competing telephone services in the city.

The judgment is reversed, with directions that judgment be entered remanding the case to the Public Service Commission for proceedings in conformity with this opinion.